## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| 4WEB, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:23-CV-00192-JRG |
| | § | |
| NUVASIVE, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant NuVasive, Inc.'s ("NuVasive") Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the Southern District of California (the "Motion").[1] (Dkt. No. 23.) In the Motion, NuVasive moves to dismiss or transfer the above-captioned case on the grounds that venue in this District is improper. (*Id.*) Having considered the Motion, and the subsequent briefing, the Court finds that the Motion should be **GRANTED**.

## I.     BACKGROUND

On April 25, 2023, 4WEB, Inc. ("4WEB") filed this suit for patent infringement against NuVasive. 4WEB accuses NuVasive of infringing its patents by selling and offering for sale surgery equipment to hospitals and surgery centers. NuVasive is incorporated in Delaware and its primary corporate office is in San Diego, California. (Dkt. No. 23 at 1.) It has additional facilities in New York, Tennessee, and Ohio. (*Id.*) The Accused Products in this case were designed and developed by employees located in California. (*Id.*)

---

[1] Before the Amended Complaint (Dkt. No. 21) was filed, NuVasive filed a similar Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the Southern District of California (Dkt. No. 18) based on the Original Complaint (Dkt. No. 1). Having found that the current Motion (Dkt. No. 23) should be granted, the Court finds that the earlier-filed Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the Southern District of California (Dkt. No. 18) should be **DENIED AS MOOT**.

The Amended Complaint in this case alleges that venue in this District is proper under 28 U.S.C. § 1400(b). (Dkt. No. 21 at 3.) Specifically, the Amended Complaint alleges:

> Defendant has committed infringing acts in this District and in Texas and has a regular and established place of business in this District and in Texas because Defendant's employees conduct business in the operating rooms ("OR"), inventory storage rooms, and meeting rooms in hospitals and surgery centers which require that they be physically present during marketing and sales activities and during surgeries to implant Defendants' products, which hospital and surgery center ORs, inventory rooms, and meeting rooms are the "regular and established place of business" that are the place of Defendant and therefore "does its business in th[is] [D]istrict through a permanent and continuous presence" in this District. *In re Cordis Corp.*, 769 F.2d 733, 738 (Fed. Cir. 1985).

(Dkt. No. 21 at ¶ 11.)

According to 4WEB, the hospitals and surgery centers where NuVasive sells its products are the "regular and established place[s] of business" of NuVasive for the purposes of establishing venue in this District. (*Id.*) The Amended Complaint alleges that NuVasive conducts substantial business in these hospitals and surgery centers "including sales, marketing, sales operations, logistics, regulatory, quality control, research and development (when surgeons are engaged as consultants), training and education and finance." (*Id.*)

The Amended Complaint also alleges that NuVasive employs full-time employees in this District in Tyler, Frisco, and Beaumont, Texas. (Dkt. No. 21 at ¶ 12.) These employees are permitted to work remotely, but on the condition that the employees be able to commute to the surgery centers and hospitals to be present in the operating rooms during surgical procedures involving the Accused Products. (*Id.* at ¶ 15.) The employees are not required to live in this District so long as they are able to commute to the surgery centers and hospitals. (*See id.*)

## II.    LEGAL STANDARD

Venue may be appropriate if "the defendant has committed acts of infringement and has a regular and established place of business" in a particular district.  28 U.S.C. § 1400(b). For a

defendant to have a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc*., 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Relevant considerations for the third *Cray* factor—whether a place of business is a "place of the defendant"—include (1) whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place, (2) defendant's representations that it has a place of business in the district, (3) the nature and activity of the alleged place of business of the defendant in the district in comparison with that of other places of business of the defendant in other venues. *In re Cray Inc*., 871 F.3d at 1363. Relevant inquiries may also include "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory;" *Id.* Another consideration under this factor can be "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place." *Id.*

## III.   DISCUSSION

For venue to be proper, the Amended Complaint must allege that there is a place of business in this district that is "a place of the defendant," NuVasive. In its Motion, NuVasive argues that venue is improper because there is no physical, geographical location within this District that is owned, possessed, or controlled by it.

In the Amended Complaint, 4WEB contends that NuVasive has a regular and established place of business at the surgery centers and hospitals to which NuVasive sells the Accused Products. However, NuVasive argues that it does not "own or operate surgery centers or hospitals in this District," and it has "no control over what goes on within them." (Dkt. No. 23 at 4.) According to NuVasive, the hospitals and surgery centers that buy NuVasive's products have no affiliation to NuVasive and carry out their own business of providing medical care, while

NuVasive's business—the research, design, marketing, and sale of spinal implant products—is carried out elsewhere. (*Id.*) NuVasive also argues that its employees' presence at the hospitals is not "regular and established," but rather "transient[]" and "occasional[]." (*Id.* at 6.) Further, NuVasive contends that merely permitting its employees to work remotely does not establish that its employees' homes or area hospitals are NuVasive's regular and established places of business.

4WEB argues that venue is proper. Specifically, 4WEB argues that the hospitals and surgery centers are places of NuVasive because NuVasive "maintains control over its inventory at surgery centers, hospitals" and because its employees "have an on-site presence in surgery centers and hospitals to train physicians and staff how to use the Accused Products." (Dkt. No. 24 at 13.) 4WEB also contends that NuVasive's website includes a "surgeon locator" tool that identifies many surgeons and facilities located within the District, demonstrating that NuVasive has "ratified" these locations as its own. (*Id.*)

NuVasive argues that it is undisputed that it (1) does not own or lease any place in this District, (2) has not represented that it has a place of business in this District, and (3) runs its business, develops its products, and directs sales from its headquarters in San Diego, California. (Dkt. No. 27 at 6.) NuVasive further argues that its surgeon locator explicitly states that it is not associated with any of the surgeons or hospitals on the locator. (*Id.*)

The Court agrees with NuVasive. The Court finds that NuVasive (1) does not own or lease any place in this District, (2) has not represented that it has a place of business in this District, and (3) conducts its business in San Diego, California. The Court is not persuaded that the hospitals and surgery centers in this District are owned, leased, controlled, or possessed by NuVasive. Further, the Court is not persuaded that NuVasive's surgeon locator tool is a ratification of the hospitals and surgery centers as its own considering that the surgeon locator tool includes an

express disclaimer to the contrary. In short, such hospitals and surgery centers are not, under current authority, places of the Defendant.

Similarly, the fact that NuVasive has remote employees that live in the District, on its own, does not alone establish that venue in this District is proper. Notably, 4WEB's Amended Complaint never alleges that the homes of NuVasive's remote employees are NuVasive's regular and established places of business. In fact, 4WEB, by its own admission, "does not base its venue allegations on Defendant requiring its employees to live in this District."[2] (Dkt. No. 24 at 10.) Courts have found venue to be proper based on the presence of remote employees within he District where the defendant required its employees to live in the district, and when the plaintiff alleged that the employees' homes were the places of business that were "of the defendant." *See e.g., In re Cordis*, 769 F.2d 733, 735, 737 (Fed. Cir. 1985). However, neither requirement is present in this case. NuVasive does not require its employees to live in this District, and 4WEB does not argue that the employees' homes are the places of business of NuVasive.[3] Rather, the Amended Complaint alleges that the hospitals and surgery centers NuVasive's regular and established places of business.

4WEB compares NuVasive's presence at the hospitals and surgery centers to that of a vendor at a flea market. (Dkt. No. 24 at 9) (citing *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020). 4WEB argues that "[j]ust as venue is proper over a vendor at a flea market who has no

---

[2] Presumably, this is because NuVasive does not actually require its employees to live in this District, but rather only requires that they live close enough to the hospitals and surgery centers such that the employees can be called on site as needed. Accordingly, the Amended Complaint alleges that the hospitals and surgery centers within the District are the places of business of NuVasive, not the homes of its remote employees.

[3] In its sur-reply brief, 4WEB does indicate that the "employees' physical presence," whether at the hospitals and surgery centers *or in their homes* constitutes the physical place of NuVasive within this District. (Dkt. No. 30 at 3.) However, this argument (1) is not found in the Amended Complaint, (2) was not raised until its sur-reply brief and is therefore waived, and (3) is not a tenable argument for establishing venue. The general presence of remote employees in this District does not establish that the Defendant has "a physical, geographical location in the district from which the business of the defendant is carried out." *In re Cray*, 871 F.3d at 1362.

control over the market, venue is proper over Defendant who operates a business to sell the Accused Products in hospitals and surgery centers for implantation in patients at such locations, notwithstanding that Defendant does not have control over the surgery center or hospital themselves." (*Id.* at 9.)

The Federal Circuit has explained that venue may be proper as to a vendor at a flea market within the district because the vendor, despite not controlling the flea market itself, controls the "table" from which he sells his goods. *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020). It is the "table" that serves as the "physical, geographical location . . . from which the business of the defendant is carried out." *Id.* In the same opinion, the Federal Circuit explained that even as much as "leased shelf space or rack space can serve as a 'place' under the statute." *In re Google LLC*, 949 F.3d at 1343-44.

Even assuming that the surgery centers and hospitals are analogous to a "flea market,"[4] 4WEB fails to point to any "table" that belongs to NuVasive to establish proper venue in this District. At most, the Amended Complaint alleges that NuVasive controls the "inventory" of Accused Products existing on site. However, venue is appropriate as to a vendor at a flea market not because he controls his *inventory* at the flea market, but because he controls his *table*, as a "place" of the vendor at the flea market. *See In re Google LLC*, 949 F.3d at 1343-44. The Amended Complaint fails to point to any "place" (*e.g.*, a building, a storage room,[5] a table, or a leased shelf) in the hospitals, surgery centers, or anywhere else in this District over which NuVasive exercises

---

[4] An assumption with which the medical profession would likely take issue.
[5] The Amended Complaint alleges that NuVasive "[d]istribute[s] inventory for storage in an inventory storage room, in, and ultimate use in, hospitals and surgery centers," and that it "monitor[s] and restock[s] such inventory." (Dkt. No. 21 at 6.) However, this does not allege that such space is owned, controlled, leased, or possessed by NuVasive. It merely says the *hospitals and surgery centers* ultimately store NuVasive's products in an inventory room that is under the possession and control of the hospitals and surgery centers.

possession and control. The presence of accused products in these third-party surgery centers and hospitals is not sufficient without more than these particular facts bear out.

4WEB's Amended Complaint fails to satisfy the third *Cray* factor. Accordingly, the Court need not address the other two.[6] The Court finds that NuVasive does not have a regular and established place of business in this District, and thus venue in this District is improper.

Where venue is improper, the Court may, in the interest of justice, transfer the case to a district where venue is proper. 28 U.S.C. § 1406(a). NuVasive moves, "in the event the Court declines to dismiss this case outright," to "transfer the case to the Southern District of California." (Dkt. No. 23 at 10.) 4WEB agrees that if the Court were to find venue improper as to this District, "transfer to the Southern District of California would be proper, rather than dismissal, so as not to delay resolution or waste the substantial progress in discovery already undertaken in this case." (Dkt. No. 24 at 14-15.)

The Court agrees that venue is proper in the Southern District of California, and further finds that transfer, rather than dismissal, is in the interest of justice. Accordingly, this case should be transferred to the Southern District of California.

## IV.    CONCLUSION

For the reasons stated herein, the Court finds that NuVasive's Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer to the Southern District of California (Dkt. No. 24) should be and hereby is **GRANTED**. NuVasive's earlier-filed Motion to Dismiss for Improper

---

[6] While critics of *In re Cray* might point to the Supreme Court's decision in *South Dakota v. Wayfair*, 585 U.S. 162 (2018) for the proposition that the physical presence rule is now far removed from economic reality, especially when the day-to-day functions of e-commerce and the modern economy are considered, the current guidance from the Federal Circuit via *Cray* continues to demand a physical presence that the defendant has openly claimed as its own. This Court is thus bound, under such precedent, to find venue improper in this case.

Venue or, in the Alternative, to Transfer to the Southern District of California (Dkt. No. 18) is **DENIED AS MOOT**.

Accordingly, it is **ORDERED** that the above-captioned case be **transferred** to the Southern District of California. The Clerk of the Court shall forthwith take such steps as are needed to effectuate this transfer.

**So ORDERED and SIGNED this 2nd day of May, 2024.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE